UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JORGE LOPEZ-OROZCO,<br><br>                    Petitioner,<br><br>         v.<br><br>ISCC WARDEN ROSS,<br><br>                    Respondent. | Case No. 1:25-cv-00365-DKG<br><br>**INITIAL REVIEW ORDER** |

Petitioner Jorge Lopez-Orozco has filed a Petition for Writ of Habeas Corpus challenging his state court convictions. *See Pet.*, Dkt. 1. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order requiring Petitioner to file an amended petition if he intends to proceed.

REVIEW OF PETITION

**1.      Background**

In a jury trial in the Fourth Judicial District Court in Elmore County, Idaho, Petitioner was convicted of three counts of murder and sentenced to three fixed life sentences. Petitioner unsuccessfully pursued a direct appeal. Petitioner also filed a state petition for post-conviction relief, which is apparently still pending in state court. *Pet*. at

1–3. It is unclear whether any of Petitioner's current habeas claims are currently under consideration in that post-conviction proceeding.

In the instant Petition for Writ of Habeas Corpus, Petitioner brings the following claims. Claim 1 asserts actual innocence. Claim 2 alleges that the state knowingly presented false testimony from Petitioner's brother. In Claim 3, Petitioner alleges that some of the evidence against him was in the form of "inconsistent statements." In Claim 4, Petitioner contends that the trial court abused its discretion in permitting the allegedly false testimony, inconsistent statements, and "misrepresentation of evidence." Finally, Petitioner asserts in Claim 5 that he had no motive for murder. *Id*. at 4–7.

2.   **Discussion**

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties *of the United States. See* 28 U.S.C. § 2254(a). Habeas relief is not available for violations of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Here, Petitioner has not cited a federal basis for any of his claims. Claim 2, which asserts that the state knowingly presented false testimony, could perhaps be presented as a due process claim under *Napue v. Illinois*, 360 U.S. 264, 269 (1959) ("[I]t is established that a conviction obtained through use of false evidence, known to be such by

representatives of the State, must fall under the Fourteenth Amendment. The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears.") (internal citations omitted).

However, Claims 3, 4, and 5 cannot be construed as federal claims. The admissibility of inconsistent statements is a matter of state rules of evidence, not federal constitutional law. *See* Idaho R. Evid. 613(b), 801(d)(1). A claim of abuse of discretion is a quintessential state law claim. *See Williams v. Borg*, 139 F.3d 737, 740 (9th Cir. 1998); *Hayes v. Page*, No. 1:16-CV-00386-BLW, 2017 WL 3709052, at *6 (D. Idaho Aug. 28, 2017) (unpublished). Finally, that Petitioner had no motive for murder is not a substantive habeas claim.

Moreover, an actual innocence claim, as set forth as Claim 1 of the Petition, is not a basis for federal habeas relief, at least in a non-capital case like Petitioner's. *See Stephenson v. Blades*, No. 1:13-CV-00285-BLW, 2014 WL 3509448, at *7 (D. Idaho July 14, 2014) (unpublished); *see Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.... This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the

Constitution—not to correct errors of fact."). Thus, Claim 1 is subject to dismissal as noncognizable.[1]

Because none of Petitioner's claims cites a federal law basis, Petitioner must file an amended petition if he intends to proceed. In that amended petition, Petitioner must identify a federal basis for each of his habeas claims.

## ORDER

**IT IS ORDERED:**

1. Within 28 days after entry of this Order, Petitioner must file an amended petition as described above.

2. Also within 28 days, Petitioner must either pay the $5.00 filing fee in full or apply for in forma pauperis status.

3. Because an amended petition is required for Petitioner to proceed, Petitioner's Motion Requesting Counsel (Dkt. 2) is DENIED without prejudice. Petitioner may renew the request for appointment of counsel in an amended petition.

DATED: September 3, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge

---

[1] An assertion of actual innocence can, however, serve as "a gateway through which a habeas petitioner [may] pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404.